FERN VIOLET NELSON, APPELLEE, V. SCOTT H. YOUNG ET AL., APPELLANTS.
337 N.W.2d 757

Filed August 12, 1983. No. 82-516.

Harry B. Otis of Gaines, Otis, Haggart, Mullen & Carta, for appellants.

Thomas A. Otepka of Gross, Welch, Vinardi, Kauffman & Day, P.C., for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

BOSLAUGH, J.

This action arises out of a collision between an automobile owned and operated by the plaintiff, Fern Violet Nelson, and a farm tractor owned by the defendant Malcolm D. Young and operated by the defendant Scott H. Young. The plaintiff sought damages for personal injuries and the damage to her automobile. The defendants counterclaimed for personal injuries sustained by Scott H. Young in the accident, and for damages to the tractor and disk which was attached to the tractor at the time of the collision.

The jury returned a verdict for the plaintiff in the amount of $13,284.90. The defendants have appealed, and contend that the trial court erred in failing to find as a matter of law that the plaintiff was negligent, that the defendant Scott H. Young was not negligent, that the defendants were not engaged in a joint venture, and in failing to instruct the jury as requested by the defendants.

The accident happened at about 7:35 a.m. on April 24, 1979, at the intersection of Highway 31 and county road 136 in Washington County, Nebraska, approximately 1.3 miles south of Kennard, Nebraska. The weather was bright and clear. Highway 31 is a two-lane concrete highway, 24 feet in width, which runs generally northeast and southwest. County road 136 is a gravel road running generally east and west.

The plaintiff turned onto Highway 31 from a gravel road at a point approximately 650 feet north of where the accident happened. She testified that when she was about 200 feet north of the intersection and proceeding in a southerly direction at approximately 30 to 35 miles per hour, she saw the farm

tractor stopped in the northbound lane of Highway 31.

There were two cars in front of the plaintiff which were proceeding in a southerly direction on Highway 31. According to the plaintiff, Scott H. Young waited until these two cars had passed through the intersection and then turned the tractor to the left in front of the plaintiff. The plaintiff applied her brakes and tried to pass to the left, or east, of the tractor, but was unable to do so because there was a northbound car approaching the intersection from the south. The front of the plaintiff's automobile struck the right rear wheel of the tractor, causing it to overturn and slide to the south.

Scott H. Young testified that he had stopped the tractor in the northbound lane of Highway 31 at about the south edge of the intersection. After the two cars approaching from the north had passed through the intersection, he looked in all directions and saw no traffic approaching the intersection. He then proceeded to make a left turn onto the county road. The tractor was moving at between 2 and 6 miles per hour and the front of the tractor was on the county road when the impact occurred. The rear wheels were on the west side of Highway 31 and the disk had just cleared the centerline of Highway 31. Scott did not see the plaintiff's automobile until a few seconds, "four seconds possibly," before the impact.

The exhaust pipe of the tractor is located toward the left side of the tractor and extends from the hood in a vertical position for approximately 2½ feet. It is an obstruction to the vision of the driver operating the tractor and may explain why Scott Young did not see the plaintiff's automobile before commencing his turn to the left.

The evidence is in conflict in a number of particulars and presented issues of negligence and contributory negligence for the jury. The defendants' assignments of error that the trial court should have found the plaintiff negligent as a matter of law and

the defendant Scott Young not negligent as a matter of law are without merit.

The amended petition alleged that the defendants were engaged "in a sharecropping enterprise" which they "jointly control," and by reason thereof the negligence of Scott Young was imputed to Malcolm Young. The trial court submitted this issue to the jury.

The evidence is that Malcolm Young owns a 50-acre tract of farmland which is farmed by Scott Young, his son. Malcolm Young furnished the land and the farm machinery. The cost of seed, fertilizer, and herbicide was shared equally, and the crop was divided equally. The defendants contend that the arrangement was in the nature of a farm lease rather than a joint venture.

The plaintiff relies on *Fangmeyer v. Reinwald*, 200 Neb. 120, 263 N.W.2d 428 (1978), in which we held the evidence presented a jury question as to whether the defendants were engaged in a joint venture. In that case we emphasized that in a joint venture each of the parties must have an "equal voice" in the control of the agencies used therein, and the mere pooling of property, money, assets, skill, or knowledge does not create the relationship. See *Soulek v. City of Omaha*, 140 Neb. 151, 299 N.W. 368 (1941).

The evidence in this case is that although the defendants conferred in regard to the farming operation, the decisions were made by Scott Young. Such evidence does not establish joint or equal control and will not support a finding that the defendants were engaged in a joint venture. The judgment against Malcolm D. Young must therefore be reversed.

The trial court instructed the jury in regard to Neb. Rev. Stat. § 39-636 (Reissue 1978), which provides as follows: "The driver of a vehicle who intends to turn to the left within an intersection or into an alley, private road, or driveway shall yield the right-of-way to any vehicle approaching from the op-

posite direction which is within the intersection or approaching so close as to constitute an immediate hazard.''

The defendants requested an additional instruction which, after quoting the relevant provisions of § 39-636, stated: ''If you find from the evidence that the defendant Scott Young turned his vehicle to left within the intersection of Highway 31 and County Road 136 at a time when the plaintiff's vehicle was not within the intersection or approaching so close as to constitute an immediate hazard, you will find that such defendant had the right of way and that the plaintiff had a duty to exercise due care to avoid a collision with him by yielding such right of way. Failure to yield such right of way under the circumstances constitutes evidence of negligence on the part of the plaintiff.'' The trial court refused to give the requested instruction, and the refusal is assigned as error.

The instruction which the trial court gave was adequate so far as § 39-636 is concerned. The requested instruction attempted to resolve the matter of right-of-way upon the basis of the distance of the plaintiff's vehicle from the intersection, without stating that the speed of the two vehicles and the combined length of the tractor and disk should be considered in determining whether the plaintiff's vehicle was so close as to constitute an immediate hazard. Under the facts in this case the trial court was not required to give the requested instruction.

The judgment of the District Court as to the defendant Scott H. Young is affirmed; the judgment as to the defendant Malcolm D. Young is reversed and the cause remanded with directions to dismiss the petition as to the defendant Malcolm D. Young.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.